# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-CV-4085 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| THE POLIVKA GROUP, LLC, and ) | |
| ANDREW POLIVKA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Andrew J. Polivka ("Polivka") works as a commercial real estate agent. He operates a single-member limited liability corporation, the Polivka Group, LLC ("the LLC"). Polivka and the LLC defaulted on a loan guaranteed by the Small Business Administration. In 2012, the United States obtained a $65,812.40 default judgment against both defendants. (ECF No. 17.) The government moves under a provision of the Federal Debt Collection Procedures Act of 1990 ("FDCPA"), 28 U.S.C. § 3204, for an order requiring Polivka to make installment payments on the judgment. *See generally United States v. Badger*, 818 F.3d 563, 572–73 (10th Cir. 2016) (discussing the FDCPA's purpose and providing an overview of the statute).

### I. FIXING INSTALLMENT PAYMENTS UNDER THE FDCPA

Section 3204, under which the government is proceeding, authorizes a court to order a judgment debtor to make installment payments when the evidence shows that the judgment debtor: "(1) is receiving or will receive substantial nonexempt disposable earnings from self employment that are not subject to garnishment; or (2) is diverting or concealing substantial earnings from any source, or property received in lieu of earnings." 28 U.S.C. § 3204(a) (West 2017); *see also id.* § 3204(c)(1) (exempting judgment debtor that is subject to a writ of garnishment under the FDCPA).

If one or both of those conditions are met, the court must consider "after a hearing, the income, resources, and reasonable requirements of the judgment debtor and the judgment debtor's dependents, any other payments to be made in satisfaction of judgments against the judgment debtor, and the amount due on the judgment in favor of the United States" when fixing the amount of an installment payment. *Id.* § 3204(a); *see also Davis v. United States*, 569 F. App'x 322, 325 (5th Cir. 2014) (holding § 3204 allows district court to fix payment at "any amount supported by the totality of his finances, so long as substantial nonexempt disposable earnings [a]re available").

## II. ANALYSIS

The parties primarily disagree about how, if at all, to separate the income and expenses of Polivka and the LLC. In April 2017, the court entered an order stating that it could not "determine how to allocate the income and expenses reflected in the record between Polivka and [the LLC]." (Order 2, ECF No. 46.) The order described the record this way:

> [N]o party has provided separate evidence of Polivka's personal income. Nor does any party explain why the Polivka Group, LLC's earnings and expenses should be equated to Polivka's. Polivka asserts, without citing legal authority, that his "sole source of income" is the net ordinary income of the Polivka Group, LLC. ECF No. 45 ¶ 8. The profit and loss statement does not reflect that Polivka pays himself a salary, however. *See* ECF No. 45 -7 at 1.
>
> Furthermore, some of the expenses listed in the Polivka Group, LLC's profit and loss statement match expenses Polivka claims as personal expenses. The profit and loss statement expenses include the amount of the entire cost of rent for the space in which Polivka works and lives, for instance. *Compare* ECF No. 45-7, *with* ECF No. 45-3 (letter of understanding regarding rental). The statement also lists the cost of internet access; expenses related to maintenance of a car, including parking and gas; and fees for membership in the multiple listing service and other fees for membership in professional organizations as expenses. *See* Profit & Loss Stmt. 1, ECF No. 45-7. On the other hand, other costs claimed by Polivka as personal expenses are not reflected on the

> profit and loss statement, even though some, such as health insurance, are sometime[s] born[e] by an employer. *Compare* ECF No. 45 ¶ 7 (listing as expenses children's school tuition, daycare, rent, utilities, health insurance, cost of medical services for Polivka's children, and personal obligation to the Internal Revenue Service), *and* ECF No. 45-6 at 1 (IRS notice of intent to levy addressed to Polivka personally), *with* Profit & Loss Stmt. 1 (listing rent, phone, and internet access as expenses but omitting health insurance costs).

(*Id.* at 2–3.) The court ordered the parties to file supplemental memoranda clarifying their positions on which income and expenses are attributable to the LLC and which are attributable to Polivka. (*Id.* at 3.)

Building on the fact that Polivka and the LLC are both judgment debtors, the government argues that treating the LLC's income and expenses as Polivka's makes practical and legal sense. It also suggests that piercing the corporate veil between Polivka and the LLC is appropriate because the two "are so intertwined that the court should consider them the same." (*See* Supplemental Mem. 1–3, ECF No. 52.) Lastly, the government maintains that the profits of a single-member LLC are generally taxed as the member's gross earnings and cites a bankruptcy case to argue that Polivka would be required to list the LLC's gross, rather than net, income as his income. (*See* Supplemental Mem. 3–4, ECF No. 52 (citing *In re Stamat*, 395 B.R. 59 (Bankr. N.D. Ill. 2008), *aff'd sub nom. Neary v. Stamat*, No. 08 C 6543, 2009 WL 2916834 (N.D. Ill. Sept. 2, 2009) and *In re Mosher*, 417 B.R. 772, 782 (Bankr. N.D. Ill. 2009)).

Polivka disagrees. He urges the court to treat his and the LLC's income and expenses as separate. He submits cash flow and profit-and-loss statements for the LLC showing that he took $7,021.66 as his "owner's draw" from the LLC in calendar year 2016. (Stmt. Cash Flows 1, ECF No. 54-3; *see also id.* Ex. 2 (cash flow statement showing owner's draw of $725.04 for Jan.–Mar. 2017)). The LLC earned $58,525.91 in gross income during the same period, according to the profit and loss statement in the record. (Profit & Loss Stmt. Calendar Year 2016

at 1, ECF No. 54-5; *see also* Profit & Loss Stmt. Jan.–Mar. 2017 at 1, ECF No. 54-6 ($4,836.30 in gross income)).

The FDCPA's definitions section, § 3002, points the way to resolving this dispute. As it turns out, neither party is entirely correct.

**A. Polivka is Receiving Earnings from Self-Employment**

Beginning with what is not in dispute, Polivka states he that he is self-employed. (Def.'s Updated Financial Information ¶ 4, ECF No. 45.) For the self-employment component of the first condition to be satisfied,

> [t]he debtor must be self-employed like doctors, accountants, and lawyers. The types of debtors would also include the debtor who controls a family business through a corporation to which the debtor provides important services, but who may be paid no salary to prevent creditors from garnishing the same. In turn, the corporation pays for the debtor's expenses, such as medical, insurance, car, and other types of support expenses.

*Chao v. Vidtape, Inc.*, No. CV-98-3359(ETB), 2004 WL 203008, at *2 (E.D.N.Y. Jan. 30, 2004) (quoting Hon. James J. Brown, *Judgment Enforcement* § 5.03[D] at 5–15 (2d ed.1999)). The evidence submitted by Polivka shows that he controls the LLC, provides all of the professional services for which it is paid, and does not pay himself a regular salary. (*See* Profit & Loss Stmts.; Def.'s Updated Financial Information ¶ 4, ECF No. 45.) Instead, he appears to determine the amount of income he will draw from it and which of his expenses it will pay. (*See ibid.*) Meanwhile, the LLC pays many of his expenses, including rent; utilities; and most, if not all, of the expenses associated with his car. (*See* ECF No. 45 ¶ 7.) All of this more than suffices to show that Polivka is self-employed. *See Vidtape*, 2004 WL 203008, at *2–3 (finding two company presidents were self-employed because they had "complete control with respect to how much income they derive[d] from" the corporation and the companies were responsible for many of their expenses, including costs associated with their cars).

4

## B. Business Expenses Are Generally Deductible Under the FDCPA's Definition of "Disposable Earnings"

Again, under § 3204(a)(1), the judgment debtor must be receiving "substantial nonexempt disposable earnings from self employment" at present or in the future before the court can enter an installment-payment order. Even if the court makes that finding (or the finding required by § 3204(a)(2)), the FDCPA forbids entry of an order to make installment payments "with respect to any earnings of the debtor except nonexempt disposable earnings." *Id.* § 3204(c)(2). The parties' dispute about how to separate the income and expenses described in the record between Polivka and the LLC under both of those subsections therefore turns on the meaning of the phrase "nonexempt disposable earnings." Polivka contends that only the money he has taken as an "owner's draw" counts as his nonexempt disposable earnings, and that figure, which totals less than $9,000 in the fifteen months between January 2016 and March 2017, is not "substantial" under § 3204(a)(1). The government treats the LLC's over $60,000 in net income over the same period as the correct measure of Polivka's nonexempt disposable earnings. Neither side is entirely correct because the plain language of the FDCPA's definition of "disposable earnings" requires the court to determine what deductions a self-employed person would receive. *See* § 3002(5).

The FDCPA defines "nonexempt disposable earnings" as "25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act." § 3002(9); *see also* 15 U.S.C. § 1673. And "disposable earnings" means "that part of earnings remaining after all deductions required by law have been withheld." 28 U.S.C. § 3002(5). The definition of the term "earnings" lies at the deepest layer of nesting. *See Burgess v. United States*, 553 U.S. 124, 130–31 & n.3 (2008) (stating that "Congress has often . . . repeat[ed] a discretely defined word— when it intends to incorporate the definition of a particular word into the definition of a

compound expression" and citing as an example the nested definitions of 'earnings' and 'disposable earnings' found in 15 U.S.C. § 1672(a)). The FDCPA defines "earnings" as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension." *Id.* § 3002(6).

Polivka makes no effort to show that any exemptions apply. No party cites or discusses 28 U.S.C. § 3014(a), which provides that in a proceeding under the FDCPA, "a debtor may elect to 'exempt property . . . that is specified in § 522(d) of title 11, as amended from time to time.'" *United States v. Chorney*, 453 F. App'x 4, 6 (1st Cir. 2011) (per curiam) (ellipsis in original) (noting applicability of this provision in proceedings for an installment payment order under § 3204). Nor does any party discuss the cross-reference to Section 303 of the Consumer Credit Protection Act in the FDCPA's definition of "nonexempt disposable earnings." *See* 28 U.S.C. § 3002(9). The present record, therefore, affords no basis for finding any exemptions apply. *See Chorney*, 453 F. App'x at 8 (holding judgment debtor procedurally defaulted arguments that exemptions applied by not developing them adequately).

The FDCPA's definition of "disposable earnings" requires the court to determine what "deductions required by law" should be withheld. § 3002(5). The court looks to the Tax Code to answer that question. The income of a single-member LLC (classified as a disregarded entity for tax purposes) "is "subject to tax on the *net* earnings from self-employment of the LLC which is treated in the same manner as a sole proprietorship." IRS, Pub. 3402 Taxation of Limited Liability Companies, 2016 WL 3577422, at *4 (Jan. 1, 2016) (emphasis added). Under the Tax Code, a self-employed person may generally deduct allowed business expenses. Section 1402(a) of the Tax Code defines the phrase "net earnings from self-employment" as, with certain

exceptions, "the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business, plus his distributive share (whether or not distributed) of income or loss described in section 702(a)(8) from any trade or business carried on by a partnership of which he is a member." 26 U.S.C. § 1402(a) (West 2017); *see also Gale v. United States*, 768 F. Supp. 1305, 1306–07 (N.D. Ill. 1991). The phrase "trade or business" is cross-referenced with the list of deductions found in Section 162 of the Tax Code. *See* § 1402(c) (enumerating certain additional exceptions applicable to self-employment). Section 162(a), in turn, generally "allow[s] as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business . . . ." 26 U.S.C. § 162(a) (West 2017) (effective Dec. 19, 2014). Put less verbosely, Section 162 generally allows deductions of "ordinary and necessary business expenses." *Gale*, 768 F. Supp. at 1307; *see also Reynolds v. Comm'r*, 296 F.3d 607, 613–14 (7th Cir. 2002) (stating that if expenditure was a "business expense," it would be "fully deductible" under § 162(a)). The Section 162(a) deduction rule closely parallels the analogous rule in Chapter 13 bankruptcy proceedings, which also allows subtraction of business expenses when computing disposable income. *See, e.g.*, *In re Perez*, No. 15-31645-svk, 2016 WL 3230662, at *2 (Bankr. E.D. Wis. June 3, 2016) (citing 11 U.S.C. § 1325(b)(2)(B)); *In re Sharp*, 394 B.R. 207, 215 (Bankr. C.D. Ill. 2008) (holding that gross earnings of a self-employed debtor must be disclosed as current monthly income, but "business expenses are clearly provided for as deductions" when computing disposable income (citing 11 U.S.C. § 1325(b)(2)(B))).

The upshot is that ordinary and necessary business expenses, or more precisely the deductions allowed by Sections 1402 and 162 of the Tax Code, must be subtracted when computing a self-employed person's disposable earnings under the FDCPA. And because the

7

FDCPA's plain language requires subtraction of allowed deductions, the government's invitation to ignore allowable business expenses for efficiency's sake must be declined. *See, e.g.*, *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992) ("When the words of a statute are unambiguous, then . . . 'judicial inquiry is complete.'" (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981)) (other citation omitted)).

**C. Polivka's Business and Personal Expenses Must Be Separated**

Returning to the record here, the LLC netted approximately $13,000 in 2016, and Polivka drew approximately $7,000 from the LLC as its owner for a total of approximately $20,000 of net income. (*See* ECF No. 54-5 at 1.) The sum of those figures constitutes the minimum figure for Polivka's disposable earnings for 2016. *See* 26 U.S.C. § 1402(a) (earnings includes salary and profits). That figure may be higher depending on whether and to what extent the business expenses, including rent, utilities, and car-related costs, Polivka claims are deductible. *See id.* § 162.

But in the first quarter of 2017, whether the LLC's net income is positive or negative depends on whether and to what extent the expenses on its books are personal. The LLC's net earnings from Jan. 1–Mar. 31, 2017, totaled $4,836.30. (ECF No. 54-6 at 1.) It reported $9,947.77 in expenses, netting a loss of $5,111.47. (*See* ECF No. 54-6 at 1.) Assume for a moment that some of the reported expenses cannot be deducted because they are personal: the $1,219.82 associated with "Total Automobile"; the $1,638.56 in car insurance; the $593.07 for internet service; the entirety of the $3,794.19 in rent for the space Polivka uses as both his office and as his residence; and the $868.88 in "Cellular Service." (*See id.*) On those assumptions, the LLC would have netted $3,003.05 for the quarter or approximately $1,001.02 per month. (*See id.*; Johnson v. United States*, No. WDQ-98-3050, 2012 WL 506575, at *4 (D. Md. Feb. 15,

8

2012) (holding that corporation president had substantial nonexempt disposable earnings in the form of approximately $63,000 he paid himself as an independent contractor and payments on his residential lease made by corporation at his behest)). Compute twenty-five percent of that figure, and Polivka received at most $250.25 in monthly nonexempt disposable earnings in the first quarter of 2017. *See* § 3002(9). If on the other hand, only fifty percent of the same potentially personal expenses were deductible, the LLC would be left with a loss of $1,054.20. Add to that the $725.04 taken as Polivka's owner's draw, and the loss falls to $329.16, leaving Polivka still slightly in the red. (*See* Cash Flow Stmt., ECF No. 54-4.)

### III. CONCLUSION

Read in conjunction with the applicable provisions of the Tax Code, the FDCPA's definition of "disposable earnings," § 3002(5), requires the court to determine which of Polivka's expenses are deductible from his earnings from self-employment as ordinary and necessary business expenses. The comparison in the preceding two paragraphs shows that the court cannot determine whether Polivka's nonexempt disposable earnings from self-employment are substantial under § 3204(a)(1) without a detailed analysis of which expenses are deductible as business expenses and which are not. The parties have not undertaken that analysis, and piercing the corporate veil between Polivka and the LLC (assuming for the sake of argument that such a thing is appropriate) would leave the court with the same problem.

Having ruled on what calculations must be undertaken, the court sets a status conference for July 21, 2017, at 9:30 a.m., at which the court will address whether any additional discovery is needed and whether to set an evidentiary hearing now that the analytical framework is clear.

Date: July 6, 2017  /s/
Joan B. Gottschall
United States District Judge